UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:12-cr-00169-1 |
| | ) | Judge Trauger |
| ALEKSANDAR KUNKIN | ) | |

**ORDER OF FORFEITURE CONSISTING OF $464,581.00
UNITED STATES CURRENCY MONEY JUDGMENT**

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Aleksandar Kunkin's guilty plea as to Count One of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Defendant Kunkin shall forfeit to the United States his interest in the following: $464,581.00 United States currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $464,581.00 United States currency is proceeds from the offense of which Defendant Kunkin was convicted.

2. The Court has determined, based on relevant and reliable evidence, including facts already in the record, the written plea petition dated November 15, 2012, the Statement of Facts set forth at the plea colloquy on November 15, 2012, any additional evidence or information submitted by the parties, and the information contained in the Presentence Investigation Report that $464,581.00 United States Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and that the United States has established that the $464,581.00 United States currency is proceeds of the offense of conviction.

3. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Defendant Kunkin shall forfeit to the United States the sum of $464,581.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against Defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of a Money Judgment in the amount of $464,581.00 United States currency shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

4. Neither the United States through the exercise of due diligence or Defendant have, as of this date, identified, in full, specific assets that were derived from the $464,581.00 in proceeds attributable to the offenses for which Defendant has been convicted. Other than approximately $44,605 seized from the possession of co-defendant Boka by authorities in Cobb County, Georgia at the time of her arrest, the United States or Defendant has not yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty.

5. Upon the entry of this Order, the Attorney General (or his designee) is authorized to conduct any discovery proper in identifying, locating or disposing of substitute property subject to forfeiture in accordance with 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq*.

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a Money Judgment of $464,581.00 United States currency to substitute property having a value not to exceed $464,581.00 United States currency to satisfy the Money Judgment in whole or in part.

7. This Money Judgment against Defendant Kunkin shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $464,581.00 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

8. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

9. This Order is in continuing and full effect until payment of the $464,581.00 is made in full.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this  8th  day of        March           , 2013.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE